# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| Rodolfo B Martinez, II, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v.  § | Civil Action No.  SA-11-CV-491-XR |
| § | |
| Wells Fargo Bank, N.A., § | |
| § | |
| *Defendant*. § | |
| § | |

## ORDER

On this day the Court considered Defendant's Motion to Dismiss for Failure to State a Claim. (Docket Entry No. 4).  For the following reasons, the Court GRANTS the motion to dismiss without prejudice to Plaintiff filing an amended complaint.

## Background

Plaintiff Martinez is the borrower of funds for the purchase of a property located at 6038 Forrest Shadow Street, San Antonio, Texas 78240. Defendant placed the subject property for foreclosure sale on June 7, 2011. On June 7, 2011, Plaintiff Rodolfo B. Martinez, II ("Plaintiff") filed his Original Petition to Determine Arrearage and Plaintiff's Application for Temporary Restraining Order and Application for Injunction ("Petition") in the 73rd Judicial District Court of Bexar County, Texas.[1]  The Court granted an ex parte Temporary Restraining Order prohibiting

---

[1] Pl.'s Orig. Pet. To Determine Arrearage and Application for Temporary Restraining Order and Injunction June 7, 2010 (Case No. 2011-CI-09330) (Ex. A to Docket Entry No. 1).

1

the foreclosure sale, and set a hearing on Plaintiff's Application for Injunction for June 20, 2011.[2]

Defendant removed the case to this Court on June 17, 2011.[3]  On July 18, 2011, Defendant filed its motion to dismiss for failure to state a claim.[4]

## Legal Standard

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law.  FED. R. CIV. P. 12(b)(6).  A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought".  FED. R. CIV. P. 8(a).  In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are construed favorably to the plaintiff.  *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## Analysis

Plaintiff does not assert any specific causes of action in his complaint.  He alleges that Defendant "erroneously maintained its record of payment thereby wrongfully scheduling foreclosure"; that he "has not received accurate information from Defendant which would enable

---

[2]Order Granting Temporary Restraining Order, Case No. 2011-CI-09330 (Ex. A. to Docket Entry No. 1).

[3]Def.'s Notice of Removal, June 17, 2011 (Docket Entry No. 1).

[4]Def.'s Mot. to Dismiss, July 18, 2011 (Docket Entry No. 4).

Plaintiff to reconcile the discrepancies between the records of Plaintiff and those of Defendant"; and that Defendant should be required to "provide documentation demonstrating compliance with the Texas Property Code" and "provide an accounting of all amounts placed into the escrow account of Plaintiff."

These allegations do not provide enough information regarding the underlying cause of action so as to enable Defendant to file a responsive pleading. *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005). Plaintiff's request for an injunction identifies the relief he seeks, but does not state a claim in the absence of an underlying cause of action. Accordingly, even taking all the factual allegations in the complaint as true, the complaint fails to state a "short and plain statement of the claim" showing that Martinez is entitled to relief, and is subject to dismissal. FED. R. CIV. P. 8(a), 12(b)(6).

A Court generally should not dismiss a complaint in its entirety without offering an opportunity for the plaintiff to amend the complaint in order to state a claim upon which relief can be granted. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (citing *Cates v. International Telephone and Telegraph Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985). In this case, this Court finds that the Plaintiff is entitled to amend his pleading in order to provide a more definite statement of the cause of action underlying his demand for injunctive relief.

## Conclusion

Defendant's motion to dismiss the complaint is GRANTED without prejudice to Plaintiff re-filing an amended complaint. Plaintiff is directed to file an amended complaint on or before October 10, 2011, specifying the causes of action upon which he believes he is entitled to relief.

If Plaintiff fails to file an amended complaint by that date, the Court may dismiss the case.

It is so ORDERED.

SIGNED this 12th day of September, 2011.

                                          XAVIER RODRIGUEZ
                                          UNITED STATES DISTRICT JUDGE