# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Rodolfo B Martinez, II, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No.  SA-11-CV-491-XR |
| Wells Fargo Bank, N.A., | § § § | |
| *Defendant*. | § § | |

## ORDER

On this date, the Court considered the status of the above-captioned case.  On July 18, 2011, Defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On September 12, 2011, the Court issued a written order granting Defendant's motion to dismiss the complaint without prejudice to Plaintiff re-filing an amended complaint. (Docket No. 9).  The Court ordered the Plaintiff to file an amended complaint on or before October 10, 2011, specifying the causes of action upon which he believes he is entitled to relief.  The Court warned Plaintiff that failure to file an amended complaint by that date could result in dismissal.  Plaintiff did not file an amended complaint as directed, and on October 13, 2011, the Court ordered Plaintiff to file an amended complaint or otherwise apprise the Court of the status of this case in the form of a written advisory no later than November 3, 2011.  Plaintiff failed to update the Court on the status of the case.  On December 8, 2011, the Court issued a second Order to Show Cause and directed Plaintiff to notify the Court of the status of this case on or before December 15, 2011. (Docket No. 13).  The Court

again warned that if Plaintiff failed to file an amended complaint by that date, the Court might dismiss the case. To this date, Plaintiff has not filed an amended complaint and has not apprised the Court of the status of the case.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's authority to dismiss a case for failure to prosecute is based on the Court's inherent authority to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

When a dismissal precludes further litigation of the case due to the expiration of the statute of limitations, the dismissal operates as a dismissal with prejudice. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 554 (5th Cir. 1981). A dismissal with prejudice is an extreme sanction that deprives the litigant of an opportunity to litigate his claim. *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). Consequently, when limitations bars or arguably bars refiling, dismissal is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the court determines that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed but proved to be futile. *Id.* 1519-21.

A clear record of delay is found when there have been significant periods of total inactivity. *Berry v. Cigna/RSI Cigna*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992); *see also Bullard v. Burlington N. & Santa Fe. Ry. Co.*, 368 Fed. App'x 574, *7 (5th Cir. 2010) ("We have "recognized that 'delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay

must be characterized by significant periods of total inactivity.'"). Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).

Additionally, in most cases, at least one of three aggravating factors must be present. Those factors are: (1) delay caused by the plaintiff personally; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 1190. The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice. *Price v. McGlathery*, 792 F.2d 472 (5th Cir. 1985).

The Court has issued a total of three warnings that this case may be dismissed if Plaintiff fails to file an amended complaint or otherwise advise the Court of the status. The Court further warned Plaintiff in its December 8, 2011 order that failure to comply would be considered contumacious conduct justifying dismissal for failure to prosecute under FED. R. CIV. P. 41. Thus, this Court concludes that Plaintiff's refusal to respond to its prior orders constitutes contumacious conduct. Additionally, Plaintiff's repeated refusal to respond to these orders demonstrates that lesser sanctions would be futile. Finally, an aggravating factor is present because the delay appears intentional and Defendant is prejudiced by being unable to move forward with the litigation. The Court therefore deems this case appropriate for dismissal under FED. R. CIV. P. 41. It is ORDERED that Plaintiff's complaint be DISMISSED for failure to prosecute under FED. R. CIV. P. 41.

SIGNED this 2nd day of February, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE